**Rafael J. HEREDIA, Plaintiff,**

v.

**Ira Michael HEYMAN, Secretary, Smithsonian Institution, et al., Defendants.**

**No. 98 Civ. 5351(DAB)(RLE).**

United States District Court, S.D. New York.

Sept. 24, 2001.

---

---

## MEMORANDUM OPINION & ORDER

ELLIS, United States Magistrate Judge.

### I. INTRODUCTION

Before this Court is a Motion to Compel by plaintiff, Rafael J. Heredia ("Heredia"), seeking to obtain answers to interrogatories propounded to Ira Michael Heyman, Secretary of the Smithsonian Institution ("Smithsonian"). For the following reasons, the motion is **DENIED**.

### II. BACKGROUND

On July 28, 1998, Heredia filed a complaint (98 Civ. 5351), alleging employment discrimination against the Smithsonian. On August 3, 1999, Heredia filed the instant complaint (99 Civ. 8580) against the Smithsonian, alleging retaliation for filing the first discrimination complaint. Discovery was completed in 99 Civ. 5351 on September 15, 1999. On January 20, 2000, the Court consolidated the two cases, and the parties began to engage in discovery related to the retaliation claim in this case.

On May 12, 2001, Heredia submitted interrogatories directed to three officials at the Smithsonian: David F. Morrell, Director of Office of Protection Services; Era L. Marshall, Director of Office of Equal Employment & Minority Affairs; and Carolyn Jones, Director of Human Resources. The Smithsonian responded on July 3, 2001. On August 25, 2001, Heredia filed the motion now before the Court, requesting that the three officials answer all of the interrogatories without qualifications. Heredia argues that answers to the interrogatories would establish his prima facie case of agency credibility, a pattern of discrimination, a pattern of reprisal, and a conspiracy to cover up civil rights and constitutional rights. On September 10, 2001, the Smithsonian responded to Heredia's motion, arguing that Heredia seeks irrelevant and inappropriate information, that the Smithsonian provided answers to most of the interrogatories, and that Heredia failed to specify his objections to the Smithsonian's qualified responses.

### III. DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides in pertinent part that: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, ..." With respect to this motion, the Court agrees with defendants that Heredia seeks a broad range of information which is not relevant to his claim of retaliation. Heredia's questions which seek to establish a pattern of discrimination and a conspiracy to cover up civil rights violations are outside the scope of the second complaint. Moreover, although they set forth objections, the defendants in fact provided answers to eleven of the fourteen interrogatories. The remaining queries by Heredia were either overbroad, irrelevant, or not within the knowledge of the officials.

### IV. CONCLUSION

For the foregoing reasons, the Motion to Compel is **DENIED**.